IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOY INVESTMENTS, INC., d/b/a TOYSMITH, a Washington corporation; and 4M INDUSTRIAL DEVELOPMENT, LTD, a foreign corporation, <br><br> Plaintiff, <br><br> v. <br><br> POOF-SLINKY, INC., a Michigan corporation, <br><br> Defendant. | Case No. <br><br> COMPLAINT <br><br> JURY DEMAND |

Plaintiffs Toy Investments, Inc. d/b/a Toysmith and 4M Industrial Development Ltd. allege against Defendant Poof-Slinky, Inc., as follows:

**I.  PARTIES**

1. Plaintiff Toy Investments, Inc. d/b/a Toysmith ("Toysmith") is a Washington corporation with its principal place of business in Sumner, Washington.

2. Toysmith is a toy company that develops, imports, and distributes promotional products and novelty toys. Toysmith is the exclusive United States distributor of the products and copyrighted designs at issue in this suit.

3. Plaintiff 4M Industrial Development Ltd. ("4M") is a foreign corporation with its principal place of business in Hong Kong, China.

COMPLAINT — 1
DWT 21125245v5 0093201-000012

4. Defendant Poof-Slinky, Inc. ("Poof") is a Michigan corporation headquartered in Plymouth, Michigan, and doing business in the State of Washington.

5. Poof imports and distributes products in the United States, including many toy products that directly compete with Toysmith's products.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under acts of Congress relating to copyrights. This Court has subject matter jurisdiction over claims asserted under Washington law because they relate to Plaintiffs' claims for copyright infringement and therefore fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Subject matter jurisdiction is also proper under 28 U.S.C. § 1332 because this action is between citizens of different states and in which a citizen or subject of a foreign state is an additional party, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. The Court has personal jurisdiction over Defendant because it distributes, sells, and/or offers to sell products in this State, including the infringing products at issue, and because it directed the tortious activity at Plaintiff Toysmith, which resides in this State.

8. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

9. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because Defendant has committed acts of infringement in King County, including by distributing and selling the products at issue in stores located within this Division.

## III. FACTS

10. Plaintiff 4M designed and created two popular children's toys, the "Cosmic Rocket" and the "Tin Can Robot." 4M also authored the toy package artwork, text, and detailed instructions and diagrams for each product (collectively, the "Copyrighted Works").

11. 4M holds registrations from the United States Copyright Office for the Copyrighted Works. Attached as Exhibit A are true and correct copies of these registrations.

COMPLAINT — 2
DWT 21125245v5 0093201-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

12. The Cosmic Rocket and Tin Can Robot, and their accompanying package artwork, drawings, text, and detailed instructions and diagrams, were created and developed with considerable effort and cost by 4M.

13. 4M has been distributing the Cosmic Rocket and the Tin Can Robot products in the United States for approximately ten years and five years, respectively.

14. Plaintiff Toysmith is the exclusive United States distributor of 4M's products, including the Cosmic Rocket and the Tin Can Robot.

15. Toysmith invested considerable effort and expense in promoting and distributing 4M products, including the Cosmic Rocket and the Tin Can Robot, in the United States.

16. As part of those efforts, Toysmith entered into an Agreement with Toys "R" Us ("TRU") in late 2009 to sell the 4M Cosmic Rocket and Tin Can Robot, among other products, for resale in the United States.

17. The Agreement did not give TRU, or any other entity, the right to use copyrights associated with the 4M Cosmic Rocket and Tin Can Robot on products supplied by anyone other than Toysmith.

18. TRU sold the 4M Cosmic Rocket and Tin Can Robot under its "Do & Discover" brand through both online and brick-and-mortar retail stores throughout the United States.

19. The 4M Cosmic Rocket and Tin Can Robot sold by TRU included a copyright notice identifying 4M as the owner of the copyrights relating to each product.

20. Soon after Toysmith established its contractual and business relationship with TRU, Poof began selling knock-offs of the 4M Cosmic Rocket and Tin Can Robot, which Poof renamed the "Moon Rocket" and the "Tin Can Mechanical Man" or "Motorized Eco-Robot."

21. Poof now sells the Moon Rocket and Motorized Eco-Robot products through TRU under the TRU "Do & Discover" brand.

22. Poof sells the Moon Rocket and Tin Can Mechanical Man products through other retailers under Poof's "Slinky" brand.

COMPLAINT — 3
DWT 21125245v5 0093201-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    23.    Poof's Moon Rocket and Tin Can Mechanical Man (or Motorized Eco-Robot) copied 4M's Cosmic Rocket and Tin Can Robot.

2    24.    Poof's Moon Rocket packaging and collateral materials copied those sold with the 4M Cosmic Rocket in all material respects, including the package artwork, drawings, text, and detailed instructions and diagrams authored by 4M. A comparison between these two products, shown in the attached Exhibit B, shows that Poof's product is a knockoff of the Copyrighted Works.

3    25.    Poof's Tin Can Mechanical Man or Motorized Eco-Robot packaging and collateral materials copied those sold with the 4M Tin Can Robot in all material respects, including the package artwork, drawings, text, and detailed instructions and diagrams authored by 4M. A comparison between these two products, shown in the attached Exhibit C, shows that Poof's product is a knockoff of the Copyrighted Works.

4    26.    Poof had access to the Copyrighted Works because Toysmith distributed, and TRU sold, the 4M Cosmic Rocket and Tin Can Robot throughout the United States.

5    27.    The above Poof products are substantially similar to the Copyrighted Works.

6    28.    On information and belief, Poof knew that Toysmith had an ongoing business and contractual relationship with TRU and made copies of the Copyrighted Works for the purpose of interfering with that relationship, to Poof's financial benefit and gain.

### IV.    CLAIMS

### COUNT I – COPYRIGHT INFRINGEMENT

29.    Plaintiffs repeat the foregoing allegations as if fully set forth here.

30.    Plaintiffs have the exclusive rights to reproduce, distribute, and sell copies of the Copyrighted Works in the United States.

31.    Defendant has, without permission, copied, distributed, and/or sold Plaintiffs' Copyrighted Works in the United States, including derivative works based upon those works.

32.    Defendant had access to the Copyrighted Works.

COMPLAINT — 4
DWT 21125245v5 0093201-000012

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

33. Defendant has made, distributed, and/or sold products in the United States, including without limitation, the Moon Rocket, Tin Can Mechanical Man, and Motorized Eco-Robot, that are substantially similar to the Copyrighted Works.

34. Defendant's conduct constitutes copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501(a).

35. Defendant has continued to infringe Plaintiffs' Copyrighted Works, despite repeated notification of its infringing conduct.

36. On information and belief, Defendant knew of Plaintiffs' rights to and in the Copyrighted Works and has willfully engaged in the conduct described above.

37. As a direct and proximate result of Defendant's infringing conduct, Plaintiffs have suffered, and will continue to suffer, actual damages, lost profit, and irreparable harm.

38. Defendant's infringing conduct will continue unless enjoined by this Court.

**COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT**

39. Plaintiffs repeat the foregoing allegations as if fully set forth here.

40. Toysmith had a contractual relationship with TRU to supply the 4M Cosmic Rocket and Tin Can Robot, among other products.

41. On information and belief, Defendant knew of the existence of that contractual relationship.

42. Defendant induced or caused the termination of Toysmith's contractual relationship for the improper purpose of inflicting harm on Toysmith, as a rival business, and through improper means, including by copying the Copyrighted Works.

43. As a direct and proximate result of Defendant's unlawful interference, Plaintiffs have suffered, and will continue to suffer, actual damages and harm.

**COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY**

44. Toysmith repeats the foregoing allegations as if fully set forth herein.

COMPLAINT — 5
DWT 21125245v5 0093201-000012

45. Toysmith had a business relationship with TRU to supply the 4M Cosmic Rocket and Tin Can Robot, among other products, and a reasonably expectancy to supply TRU with those products in the future.

46. On information and belief, Defendant knew of the existence of that business relationship or expectancy.

47. Defendant induced or caused the termination of Toysmith's business relationship and expectancy, at least with respect to the supply of the Cosmic Rocket and Tin Can Robot for the improper purpose of inflicting harm on Toysmith, as a rival business, and through improper means, including by copying the Copyrighted Works.

48. As a direct and proximate result of Defendant's unlawful interference, Plaintiffs have suffered, and will continue to suffer, actual damages and harm.

## V. JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

A. Enter a permanent injunction prohibiting Defendant, and all those acting in concert or participation with it, from engaging in further infringement of Plaintiffs' copyrights in the Copyrighted Works;

B. Award actual damages suffered by Plaintiffs as a result of each act of infringement, and any profits of Defendant that are attributable to the infringement and are not taken into account in computing the actual damages;

C. Award damages suffered by Plaintiffs as a result of Defendant's wrongful interference with Plaintiffs' contractual and business relationships;

D. Award Plaintiffs' costs, including attorneys' fees, pursuant to 17 U.S.C. § 505;

E. Award prejudgment and post-judgment interest on applicable amounts; and

F. Such other and further relief as this Court may deem just and proper.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DATED this 8th day of April, 2013.

>DAVIS WRIGHT TREMAINE LLP
>Attorneys for Plaintiffs
>
>By /s/ *Warren J. Rheaume*
>　　Warren J. Rheaume, WSBA #13627
>　/s/ *John A. Goldmark*
>　　John A. Goldmark, WSBA #40980
>
>1201 Third Avenue, Suite 2200
>Seattle, WA 98101-3045
>Tel: (206) 757-8265; Fax: (206) 757-7265
>Email: warrenrheaume@dwt.com
>Email: johngoldmark@dwt.com

COMPLAINT — 7
DWT 21125245v5 0093201-000012