The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOY INVESTMENTS, INC., d/b/a TOYSMITH, a Washington corporation; and 4M INDUSTRIAL DEVELOPMENT, LTD, a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>POOF-SLINKY, INC., a Michigan corporation,<br><br>Defendant. | Case No. 13-0634-RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint. Dkt. # 22. The Court has considered the motion, Defendant's response, and Plaintiffs' reply. For the reasons set forth below, the Court finds that allowing the amendment serves the interests of justice under Federal Rule of Civil Procedure 15(a)(2). Therefore, the Court GRANTS the motion and grants Plaintiffs leave to file the Amended Complaint as proposed.

**BACKGROUND**

Plaintiffs Toy Investments, Inc. ("Toysmith") and 4M Industrial Development, Ltd. ("4M") brought this action against Defendant Poof-Slinky, Inc. ("Poof") for alleged copyright infringement and tortious interference with contract and business expectancy. *See* Dkt. # 1, ¶¶ 29-48. The case concerns 4M's Cosmic Rocket and Tin Can Robot, which are do-it-yourself

ORDER GRANTING MOTION TO AMEND COMPLAINT — 1

kits designed to teach children about science. Dkt. # 22, p. 3; *see* Dkt. # 1, ¶ 10. 4M authored and designed the artwork and kit instructions, and holds copyrights on those materials. Dkt. # 1, ¶¶ 11-12. Toysmith is the exclusive United States distributor of 4M's products, including the Cosmic Rocket and Tin Can Robot. *Id.* at ¶ 14. In late 2009, Toysmith contracted with Toys "R" Us ("TRU") to sell the kits. *Id.* at ¶ 16. The kits were labeled with copyright warnings that identified 4M as the copyright owner for the artwork and instruction manuals. *See id.* at ¶ 19.

Plaintiffs allege that Poof began selling knock-offs of the Cosmic Rocket and Tin Can Robot under the retail names of "Moon Rocket" and "Tin Can Mechanical Man" or "Motorized Eco-Robot." *Id.* at ¶ 20. They also contend that the artwork, text, and layout for the knock-off kit boxes and manual infringe 4M's copyrights. *Id.* at ¶¶ 23-25.

Plaintiffs' instant motion concerns alleged actions taken by TRU to supply Poof with Plaintiffs' products. Plaintiffs allege that documents produced in discovery demonstrate TRU's involvement with Poof and the alleged infringing products. Dkt. # 22, p. 4. For example, in answering Plaintiffs' Interrog. No. 2, Poof stated that "TRU wanted Poof to develop private label products for TRU comparable to like products TRU was selling [including the Cosmic Rocket and Tin Can Robot]." Dkt. # 23-2, p. 5. In addition, Plaintiffs contend that an April 2010 e-mail revealed that a TRU representative sent Poof pictures of 4M products including the Tin Can Robot and asked Poof to send quotes for copying the products. Dkt. # 23-3, pp. 2-3, 10. TRU was not initially named in the lawsuit, but Plaintiffs now move to amend their Complaint to name TRU as a defendant. Poof opposes the motion and asks the Court to defer ruling on whether Plaintiffs may name TRU as a defendant. Dkt. # 24, p. 1.

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely

ORDER GRANTING MOTION TO AMEND COMPLAINT — 2

given when justice so requires. Fed. R. Civ. P. 15. "A district court should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa,* 693 F.3d 896, 926 (9th Cir. 2012). In other words, "requests for leave to amend should be granted with extreme liberality…." *Mirmehdi v. United States,* 689 F.3d 975, 985 (9th Cir. 2012).

For a Rule 15(a) motion, the non-moving party bears the burden of persuading the court that leave should not be granted. *Breakdown Services, Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal 2007) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). The court considers the following five factors in its analysis when leave to amend is requested: (1) bad faith, (2) undue delay, (3) prejudice to opposing party, (4) futility of amendment, and (5) whether the complaint was previously amended. *United States v. Corinthian Colleges*, 665 F.3d 984, 995 (9th Cir. 2011). Ordinarily, there is a presumption that leave to amend should be granted absent a strong showing of one of the five factors. *Eminence Capitol, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Poof contends that TRU's subsidiary, Geoffrey LLC ("Geoffrey"), is a named copyright owner of 4M's alleged copyrighted works, and that the copyrighted works arose from a "co-branding" venture between 4M and TRU in 2010. Poof argues that because 4M and Geoffrey's name appear on the kits' packaging and instruction materials, "it is not unreasonable to infer co-authorship of the subject matter of 4M's [copyrights]." Dkt. # 24, p. 3. Poof also contends that "[t]he question of who really owns the subject matter claimed in the asserted Copyright Registrations, and the precise subject matter of what is owned, is the subject of overdue discovery document production to be made by Plaintiff to Defendant." *Id.* Because 4M and TRU's subsidiary may share ownership of the copyrighted works, and because Poof contends

ORDER GRANTING MOTION TO AMEND COMPLAINT — 3

that Plaintiffs hold the documents that would demonstrate co-ownership, Poof asks the Court to defer considering Plaintiffs' request for leave to add TRU as a defendant until "Plaintiff is forthcoming with fully responsive information about the subject matter and authorship of the referenced Copyright Registrations . . . ." *Id.* at pp. 4-5.

Poof also asks the Court to deny leave to amend for Plaintiffs' proposed breach of contract claim against TRU—Count IV of the proposed amended complaint. Poof contends that to the extent that count is premised on the "Confidential Master Purchase Order Agreement" ("MPOA") between TRU and Toysmith, it is jurisdictionally barred by a clause in that agreement. *See* Dkt. # 24-6, p. 5.

Poof has not demonstrated, nor argued, that leave to amend was sought in bad faith, sought in an untimely fashion, that Poof will suffer prejudice, or that Plaintiffs' proposed amended complaint states insufficient facts to support its new claims for relief. Poof's sole contention appears to be that naming TRU as a defendant may be futile in the event TRU can establish copyright co-ownership between 4M and Geoffrey, and in the event that TRU can establish that the breach of contract claim is barred by the MPOA. But Poof has failed to demonstrate, as it must to defeat a Rule 15 motion for leave to amend, that Plaintiffs' proposed amendments are futile. That the proposed amendments may fail at some point in the future upon receipt of additional discovery and defenses asserted by TRU does not meet Rule 15's stricture that "amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Based on the new facts asserted by Plaintiffs—namely the allegations stating that TRU asked Poof to copy the copyrighted works—the Court cannot conclude that Plaintiffs can prove no set of facts to support naming TRU as a defendant

ORDER GRANTING MOTION TO AMEND COMPLAINT — 4

in this action and to support a claim for breach of contract against it. Thus, Poof has not made a strong showing that amendment would be futile to overcome the presumption that leave to amend should be given. Accordingly, Plaintiffs' motion (Dkt. # 22) shall be GRANTED.

SO ORDERED this 20 day of November 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO AMEND COMPLAINT — 5